**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JULIUS ARTIS,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:25-cr-18(6)<br><br><br><br>District Judge Michael J. Newman<br>Magistrate Judge Peter B. Silvain, Jr. |

## ORDER

This matter is before the Court on Defendant's Motion for Release from Pretrial Detention (Doc. #178). Defendant's Motion was referred to the undersigned by District Judge Newman for consideration and ruling. (Doc. #188).

On August 20, 2026, the undersigned held a hearing regarding Defendant's Motion. Defendant and his counsel, Christopher M. Foght, were present during the hearing. Assistant United States Attorney Brent Tabacchi appeared for the Government and opposed Defendant's Motion. The Court also reviewed the report prepared by Pretrial Services.

In his Motion, Defendant asks the Court to grant release from pretrial detention. (Doc. #178). Defendant asserts he is not a flight risk "given his family ties to the area." *Id.* at 727. Specifically, Defendant's son was born during his period of incarceration. *Id.* Defendant asserts that he "wishes to support his girlfriend of a few years and mother to his said son." *Id.* Additionally, Defendant states that, prior to his incarceration, he resided at a sober living house in Yellow Springs, Ohio. *Id.* Defendants counsel has "discussed the potential of [Defendant] rejoining [the sober living house] with the Outreach Coordinator…." *Id.* Defendant has prepared the proper

paperwork for consideration, which would be processed by the sober living house upon his release. *Id.* In this regard, Defendant asserts that he "is intent on staying sober as he has struggled with drug use in his life as sobriety would not just benefit him, but his baby, and the baby's mother." *Id.* at 727–28. Finally, Defendant asserts that he saved local law enforcement valuable time and resources by turning himself over to authorities in May 2025, which demonstrates that he is not a flight risk. *Id.* at 728.

Defendant also provides other considerations. *Id.* Specifically, the undersigned has considered that Defendant has been incarcerated since May 27, 2025, while awaiting trial. *Id.* The undersigned has also considered Defendant's assertion that "he can comply with jails' rules and requirements, and therefore, can comply with this Court's terms and conditions of release." *Id.* The undersigned has considered the recommendation of Pretrial Services, which recommended Defendant's release with "six certain conditions." *Id.* (referencing Doc. #98).

The Government opposes Plaintiff's motion, arguing that Plaintiff "cannot overcome the presumption of detention in this case" and, for that reason, Plaintiff's "motion for bond pending trial should be denied." (Doc. #180, *PageID* #734).

The standard for pretrial detention set forth in 18 U.S.C. § 3142 applies in this case. When deciding a motion for pretrial detention, the Court must consider the existence of any presumption of detention arises under 18 U.S.C. § 3142(e)(3) or (f)(1) and, if so, whether it has been rebutted. The Court must also consider available information concerning: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence of dangerousness, *U.S. v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010); (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). In this case, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the

safety of the community because there is probable cause to believe that Defendant committed a drug offense with a maximum term of imprisonment of ten years or more under the Controlled Substances Act, (21 U.S.C. § 801 et seq.), or the Controlled Substances Import and Export Act, (21 U.S.C. § 951 et seq.). See 18 U.S.C. § 3142(e)(3)(A).

After consideration of the arguments, Defendant's criminal history, the record in this case, and the factors set forth in 18 U.S.C. § 3142, the Court finds that there are no condition or combination of conditions that will reasonably assure Defendant's appearance as required and the safety of any other person or the community. Specifically, the nature and circumstances of the charged offenses weigh in favor of detention. The superseding indictment charges Defendant with multiple narcotics offenses—including conspiracy to possess with intent to distribute 40 grams or more fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Doc. #37); *see United States v. Stone*, 608 F.3d 939, 947, n.6 (6th Cir. 2010) (citation omitted) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community.").

Additionally, the Court relies on Defendant's criminal record which includes offenses of a similar nature, including prior drug and weapons offenses. *See* Doc. #98, *PageID* #s 328–32. Defendant also has a history of violence. *Id.* Moreover, Defendant has violated the conditions of probation, parole, or supervised release previously imposed by the court. *Id.* Defendant is subject to a lengthy period of incarceration if convicted.[1] *Id.* Defendant is addicted to or abuses alcohol or mood-altering chemicals and is likely to continue such conduct and violate the law or the conditions of bond if released. *Id.* Defendant lacks stable employment. *Id.* Finally, Defendant has failed to appear for court proceedings in the past. *Id.*

---

[1] One of the offenses Defendant faces (conspiring to possess with intent to distribute 40 grams or more fentanyl) carries a mandatory minimum sentence of ten years in prison. *See* 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Additionally, by statute, Defendant could face a period of imprisonment of up to 40 years. *Id.*

Therefore, Defendant's Motion for Release from Pretrial Detention (Doc. #178) is **DENIED**. Defendants who appeal to a United States District Judge from this Order must, at the same time as filing the appeal, order a transcript of the hearing.

August 20, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge